Rüpfin, C. J.
 

 The act of 1786', Rev. St. c. 2, s. 1, authorized heirs and executors to carry on suits after the death of one of the parties. But as k prescribed no time at which the application to revive should be made, it became necessary that the courts should lay down a rule of practice to regulate the action of parties. In 1798 a
 
 Regula Generalis
 
 
 *80
 
 ■ was adopted, that if a plaintiff died and his executors did not
 
 apply
 
 to carry on the suit within two terms after the death, the cause should abate. Taylor’s Rep. 134. The same period has also uniformly been taken, in case of the defendant’s death, for the plaintiff to take steps to bring- in the representatives. In the construction of the act and the general rule, it was held, that, if the defendant died, and the plaintiff, at the second term after his death, sued out a
 
 scire facias,
 
 or had an order entered for issuing such process, that jvas an application in due time.
 
 Hamilton
 
 v
 
 Jones,
 
 1 Murph. 141. We suppose that the application of the plaintiff in this suit is founded on that ease. But we do not think it will support the motion. The act of 1786 embraced only-such actions as survived to or against representatives. The action of ejectment was not of that character; and, therefore, it could not be revived on the death of the defendant. To remedy that inconvenience, the Legislature passed the act of 1799, ch. 532, Rev. Stat. ch.
 
 2,
 
 sec. 7, 8, 9, in which it is enacted, “ that, after the death of the defendant, the action of ejectment may be revived by
 
 serving
 
 on the heirs at law,
 
 within two terms after his decease,
 
 a copy of the declaration, together with a notice to the heirs to appear and defend the suit, and
 
 after such service
 
 the suit shall stand revived;” with particular directions as to the mode of service, where the heirs are infants or reside out of the State. Under this act, it has been held, that a service of the copy of the declaration and notice at the second term is sufficient to prevent an abatement.
 
 Ray
 
 v
 
 Simpson,
 
 2 Law Repos. 249. But service at a later period cannot be admitted as sufficient, without disregarding the unequivocal language of the act for the reviving of this particular action. The distinction between the provisions of this act and those of the act of 1786 and the
 
 Regula Generulis
 
 is obvious ; this requiring “ service,” and the former “ an application,” within two term”. Here there was no service of a copy of the declaration, nor attempt to serve it until the expiration of the second term ; which was too late. There is no error in the decision below; and the appellant must pay the costs in this court.
 

 Per Curiam. Ordered to be certified accordingly.